# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| TYRONE N. WILLIAMS, | Civil Action No.: 9:16-CV-2677-DCN-BM |
| Plaintiff, | **COMPLAINT** |
| | **Violation of Title VII:** |
| vs. | **Sexual Harassment and Retaliation** |
| NHC HEALTHCARE/BLUFFTON, LLC, | |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

The plaintiff above named, complaining of the acts of the above-named defendant, states as follows:

## PARTIES AND JURISDICTION

1. That the plaintiff is a resident and citizen of the County of Chatham, State of Georgia.

2. That, upon information and belief, the defendant NHC Healthcare/Bluffton, LLC ("NHC" or "defendant") is a South Carolina corporation doing business and maintaining offices and agents in the County of Beaufort, State of South Carolina.

3. That this court has federal question jurisdiction pursuant to 42 U.S.C. §2000e-2, 42 U.S.C. §2000e-3, 42 U.S.C. §2000e-5 ("Title VII") and 28 U.S.C. §1331.

4. That venue for all causes of action stated herein lies in the District of South Carolina, Beaufort Division, in that pursuant to 28 U.S.C. § 1391(b), the defendant resides and does business in this district, and a substantial part of the events giving rise to plaintiff's claims occurred in this district.

1

**CONDITIONS PRECEDENT**

5. That plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below. Moreover, defendant employed fifteen (15) or more employees at all relevant times as defined by Title VII and, as such, defendant is an "employer" under Title VII and otherwise subject to said Act.

6. That on or about March 25, 2016, and as result of defendant's discriminatory conduct, all of which is more fully described below, plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against defendant alleging discrimination based upon gender (or sex) and retaliation.

7. That on or about May 17, 2016, plaintiff received his Dismissal and Notice of Rights [to sue] from the EEOC regarding the complaint described above in paragraph 6.

8. That plaintiff has timely filed the foregoing action within ninety (90) days of the date on which he received his Dismissal and Notice of Rights described above in Paragraph 7.

**FACTS**

9. That plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 8 hereinabove as fully as if set forth verbatim.

10. That plaintiff is a male.

11. That on or about May 5, 2015, defendant hired plaintiff to work as a sous chef at its nursing home facility in Bluffton, South Carolina.

12. That in this position plaintiff reported to Jennifer Sharp ("Sharp"), a Dietary Manager. Sharp, in turn, reported to Wade Taylor ("Taylor"), the Administrator of the facility. And, Taylor reported to a Regional Administrator.

13. That plaintiff performed his job duties at defendant in an above-satisfactory fashion and otherwise maintained an excellent employment record there. In this regard, plaintiff was never disciplined during his employment at defendant, and management repeatedly advised plaintiff that he did a good job. In fact, just prior to plaintiff's termination, plaintiff was advised that he was going to be promoted to the position of Assistant Dietary Manager by his supervisor, Sharp.

14. That at the same time, a CNA at the facility, Kassandra Brown ("Brown"), began to sexually harass plaintiff on a continued and repeated basis. To this end, Brown's actions toward plaintiff included, but were not limited to, the following:

(a) Brown repeatedly told plaintiff that she wanted to have sex with him;

(b) Brown repeatedly told plaintiff that she wanted to have his baby;

(c) Brown would place her hands on plaintiff's penis and make sexually suggestive remarks to him; and

(d) Brown would place her hands on plaintiff's chest and make sexually suggestive remarks to plaintiff.

15. That the harassment described in Paragraph 14 above occurred on a daily basis and, when it did, plaintiff would advise Brown to stop her behavior.

16. That on or about October 24 or 25, 2015, plaintiff complained to Sharp that Brown was sexually harassing him; that Brown was touching him; and that Brown was making sexually harassing remarks to him, all on a repeated basis. In making the complaint, plaintiff provided Sharp with details about the sexual harassment.

17. That in response to plaintiff's complaint, Sharp told plaintiff that defendant had zero tolerance for sexual harassment; that she would tell Taylor; and that she would "get back" to plaintiff.

18. That on or about October 26, 2015, plaintiff met with Sharp, Taylor, and an administrator-in-training, named Chelsea in Taylor's office about plaintiff's complaint of sexual harassment. During the meeting, plaintiff advised those present that Brown was sexually harassing him and that she was repeatedly making inappropriate sexual remarks to him and touching him in an inappropriate fashion. In response, Taylor assured plaintiff that he (Taylor) would take care of the issue.

19. That after plaintiff's complaint of sexual harassment, Brown continued to sexually harass plaintiff on a daily basis by making sexual remarks to him; by propositioning him and inviting him to have sex with her; and by touching him in a sexually inappropriate manner.

20. That on or about December 9 or 10, 2015, plaintiff again complained to Taylor about Brown's continued sexual harassment. In response, Taylor stated in an angry and irritated fashion that he was "taking care of it."

21. That after plaintiff made the complaint described in Paragraph 20 above, Brown began to harass plaintiff by repeatedly telling plaintiff he was "gay;" that plaintiff did not like girls; that plaintiff was a "punk-ass faggot;" and that plaintiff liked boys. At the same time, Brown would tell plaintiff that she still wanted him. By this point, Brown was harassing plaintiff in the above manner on a daily basis, sometimes several times a day.

22. That in or around the last week of January 2016, plaintiff again complained to Taylor about the harassment described above and, in doing so, advised Taylor that the harassment had gotten worse.

23. That in response, Taylor again advised plaintiff in an angry and irritated manner that "I told you I was taking care of it."

24. That then, on or about February 17, 2016, defendant, by and through Taylor, fired plaintiff for false and/or trivial reasons that would not warrant termination, all because plaintiff engaged in protected activity by complaining about discrimination.

<u>**FOR A FIRST CAUSE OF ACTION:**</u>
<u>**VIOLATION OF TITLE VII**</u>
<u>**SEXUAL HARASSMENT/HOSTILE ENVIRONMENT**</u>

25. That the plaintiff hereby realleges each and every allegation contained in Paragraphs 1 through 24 hereinabove as fully as if set forth verbatim.

26. That at all pertinent times defendant employed fifteen (15) or more employees and, as such, defendant is an "employer" as defined by Title VII, and otherwise subject to the said Act.

27. That defendant's conduct as described above was offensive and unwelcome, and plaintiff so advised defendant.

28. That said harassment described above was based on plaintiff's sex.

29. That defendant's behavior humiliated plaintiff, unreasonably interfered with his work performance, affected the terms, conditions and privileges of his employment, and otherwise caused plaintiff severe psychological and physical harm.

30. That defendant's actions as alleged above created a work environment that plaintiff found, and a reasonable person would find, hostile and abusive.

31. That on numerous and repeated occasions plaintiff complained about the above-described sexual harassment to defendant and defendant was otherwise on notice that the harassment was occurring, as it occurred openly and on a widespread basis at the defendant.

32. That defendant wholly failed to take prompt and effective remedial action to end the harassment, and defendant continued to sexually harass the plaintiff, despite plaintiff's repeated complaints and despite defendant's knowledge of the harassment.

33. That the actions of defendant in engaging in offensive verbal conduct, unwanted sexual propositions and conversations, and unwanted touching, constitute discrimination against plaintiff in violation of Title VII and the Civil Rights Act of 1991.

34. That as a result of the above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

35. That the defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the plaintiff, and therefore plaintiff is entitled to recover punitive damages from the defendant.

**FOR A SECOND CAUSE OF ACTION:**
**VIOLATION OF TITLE VII**
**RETALIATION**

36. That the plaintiff hereby realleges each and every allegation contained in Paragraphs 1 through 35 hereinabove as fully as if set forth verbatim.

37. That at all pertinent times defendant employed fifteen (15) or more employees and, as such, defendant is an "employer" as defined by Title VII, and otherwise subject to the said Act.

38. That as alleged above, plaintiff complained to the defendant on several occasions that he was being sexually harassed and discriminated against because of his sex (or gender).

39. That plaintiff's complaints were made in good faith, and constitute protected activity under Title VII.

40. That shortly after making the said complaints, defendant terminated plaintiff without warning, notice or cause and for false reasons.

41. That defendant terminated plaintiff for making complaints of sexual harassment and discrimination, and for opposing discrimination based upon sex, all of which is in violation of 42 U.S.C. § 2000e-3.

42. That as a result of the above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

43. That the defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the plaintiff, and therefore plaintiff is entitled to recover punitive damages from the defendant.

WHEREFORE, as to all causes of action, plaintiff prays for the following relief against defendant: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, depression, pain and

suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorney's fees, prejudgment interest and for such other and further relief as the court deems just and proper.

                HITCHCOCK & POTTS

                By: *s/A. Christopher Potts*
                Federal ID No.:  5517
                31 Broad Street (P.O. Box 1113)
                Charleston, SC 29401 (29402)
                Telephone:  (843) 577-5000
                Fax:  (843) 722-8512
                E-Mail:  hitchp@bellsouth.net
                ***Attorneys for the Plaintiff***

Charleston, South Carolina
July 28, 2016