IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| TYRONE N. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>NHC HEALTHCARE/BLUFFTON, LLC,<br><br>    Defendant. | CIVIL ACTION NO. 9:16-CV-2677-DCN-BM<br><br>JURY TRIAL DEMANDED |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant NHC HEALTHCARE/BLUFFTON, LLC, by and through its undersigned attorney, in accordance with Rules 8(c) and 12(a) of the Federal Rules of Civil Procedure, and hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint in the above-captioned action as follows. Defendant denies all allegations not specifically admitted below and demands strict proof thereof.

## **PARTIES AND JURISDICTION**

1. With regard to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny said allegations, and therefore denies same and demands strict proof thereof.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent any further response is needed, Defendant admits only that this Court has jurisdiction over Plaintiff's Complaint.

4.      Paragraph 4 of Plaintiff's Complaint contains legal conclusions to which no response is required.  Defendant admits it maintains a facility and does business in the district.  Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      With regard to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant alleges that the best evidence of Plaintiff's alleged exhaustion of administrative remedies and conditions precedent are the documents themselves delineating such compliance.  Defendant admits Defendant is an employer as defined by Title VII of the Civil Rights Act of 1964.  Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      With regard to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits that Plaintiff executed a charge dated March 25, 2016.  Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      With regard to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein, and therefore denies the allegations and demands strict proof thereof.

8.      With regard to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant admits the Complaint herein is dated within 90 days of the date on the Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission (EEOC).  Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Responding to Paragraph 9 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 1 through 8 of Plaintiff's Complaint as if set forth fully herein.

10.     Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. With regard to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits Plaintiff was hired as a Dietary Cook/Assistant Cook on or about May 5, 2015. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. With regard to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits that when initially employed, Plaintiff reported to Jennifer Sharp, Dietary Manager, and that Ms. Sharp reported to Wade Taylor, Administrator. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. With regard to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendant admits Kassandra Brown was employed by Defendant as a Certified Nursing Assistant. Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. With regard to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendant admits that Plaintiff met with Sharp, Taylor, and Chelsey Foster, Administrator in Training, on or about October 26, 2015. Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. With regard to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendant admits that Plaintiff's employment was terminated on or about February 17, 2016. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Responding to Paragraph 25 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 1-24 of Plaintiff's Complaint as if set forth fully herein.

26. Defendant admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Responding to Paragraph 36 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 1 through 35 of Plaintiff's Complaint as if set forth fully herein.

37. Defendant admits the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

Defendant denies the allegations contained in the unnumbered Prayer for Relief after Paragraph 43 of Plaintiff's Complaint. Defendant specifically denies that Plaintiff is entitled to any relief whatsoever including, but not limited to, the relief requested in Plaintiff's Prayer for Relief.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

In further Answer to Plaintiff's Complaint, Defendant asserts the following additional and affirmative defenses:

44. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

45. Some or all of Plaintiff's claims are, or may become, barred by the applicable statutes of limitations and/or repose.

46. Some or all of Plaintiff's claims are barred by the doctrine of laches, estoppel, unclean hands, and/or waiver.

47. Plaintiff has the duty to mitigate any alleged losses, his entitlement to recovery for which is expressly denied, and any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits, and benefits regardless of form received by Plaintiff or which were earnable or receivable with the exercise of reasonable diligence by Plaintiff.

48. Defendant's actions concerning Plaintiff's employment were based upon legitimate, nondiscriminatory and nonretaliatory business reasons, and reasonable factors other than Plaintiff's sex, alleged protected activity, or any other protected status.

49. Even assuming that Defendant's actions concerning Plaintiff's employment were influenced by some alleged unlawful motive, which they were not, Defendant nonetheless would have taken the same employment action with respect to Plaintiff even in the absence of such alleged unlawful motive.

50. Defendant, at all times material herein, has made good-faith efforts through its adoption of anti-discrimination policies and education of personnel to comply with the employment discrimination laws.

51. Defendant states that there were legitimate, nondiscriminatory and nonretaliatory reasons for its actions which were not pretextual and that Defendant has not wilfully or intentionally violated the law, and that Defendant has neither taken nor ratified any action with regard to Plaintiff with unlawful or discriminatory purpose or intent; rather Defendant has acted in good faith, has not authorized any action prohibited by law, and has not committed any unlawful employment practice.

52. To the extent that Plaintiff's claims were not included within an administrative charge filed with the Equal Employment Opportunity Commission or the South Carolina Human Affairs Commission and were neither investigated nor conciliated by the Equal Employment Opportunity Commission or South Carolina Human Affairs Commission, or to the extent that Plaintiff has failed to obtain a Dismissal and Notice of Rights, Plaintiff has failed to satisfy the conditions precedent to filing an action under Title VII, and such claims are barred.

53. To the extent that the events of which Plaintiff complains occurred more than 300 days before the filing of his charge of discrimination with the Equal Employment Opportunity Commission or South Carolina Human Affairs Commission, they are time-barred by the appropriate statute of limitations and procedural requirements.

54. Any injuries or damages sustained by Plaintiff, all of which are denied by Defendant, were caused by his own conduct and are barred in whole or in part against Defendant, were consented to and/or initiated by Plaintiff, and/or were waived either expressly or impliedly by Plaintiff's actions.

55. Some or all of Plaintiff's claims are barred in that at all times, Plaintiff was an employee at-will whose employment could be terminated at any time for any reason with or without notice.

56. Some or all of Plaintiff's claims are barred to the extent that Plaintiff failed to timely notify and/or complain to Defendant of the allegations asserted in his Complaint, and failed to utilize Defendant's policies for reporting alleged misconduct.

57. Defendant exercised reasonable care to prevent and/or correct promptly any discriminatory or retaliatory behavior in the workplace, and Plaintiff unreasonably failed to take advantage of the preventative and corrective measures provided by Defendant.

58. Plaintiff's claims are frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to an award of attorney fees and costs associated with the defense of this action.

59. Assuming, *arguendo*, any unlawful acts occurred, though they did not, Defendant is not liable for punitive damages, if any, because any unlawful employment decisions were contrary to its good-faith efforts to comply with the anti-discrimination statutes.

60. Assuming, *arguendo,* any unlawful acts occurred, though they did not, Plaintiff's claim for punitive damages is barred because Defendant did not authorize or ratify any allegedly discriminatory acts and were not reckless in hiring or supervising the employee(s) who committed the allegedly discriminatory acts.

61. Plaintiff's claims for punitive damages are barred because Defendant has not engaged in any practice with actual malice or wanton or wilful disregard for Plaintiff's rights.

62. Plaintiff's claims for alleged mental or emotional damages are preempted by and subject to the exclusive remedy of the Workers' Compensation Act, S.C. Code Ann. § 42-1-540, as amended.

63. Some or all of the mental or emotional damages alleged by Plaintiff may have preexisted either his employment with Defendant or the claimed events upon which Plaintiff's claims are based.

64. Defendant reserves the right to assert further defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered Plaintiff's Complaint and asserted its defenses, Defendant prays that Plaintiff's Complaint be dismissed in its entirety with prejudice and prays for an award to Defendant of its legal fees, costs, and such other and further relief as the Court deems just and proper.

Dated this 18th day of August, 2016.   Respectfully submitted,

s/Thomas H. Keim, Jr.
Federal I.D. No. 3937

Jeffrey A. Lehrer
Federal I.D. No. 7677

FORD & HARRISON LLP
100 Dunbar Street, Suite 300
Spartanburg, South Carolina 29306
Telephone:  (864) 699-1100
Facsimile:   (864) 699-1101
*tkeim@fordharrison.com*
*jlehrer@fordharrison.com*

Attorneys for NHC HEALTHCARE/BLUFFTON, LLC

WSACTIVELLP:8683011.1

10