IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Tyrone Williams, | ) |
|               Plaintiff, | ) No. 9:16-cv-2677-DCN |
| vs. | ) |
| NHC Healthcare/Bluffton, LLC, | ) **ORDER** |
|               Defendant. | ) |

This matter is before the court on United States Magistrate Judge Marchant Bristow's report and recommendation ("R&R"), ECF No. 30, that the court deny defendant NHC Healthcare/Bluffton, LLC's ("NHC") motion for summary judgment, ECF No. 21. For the reasons set forth below, the court adopts the R&R and denies NHC's motion for summary judgment.

## I. BACKGROUND

### A. Factual Background

This case arises out of the alleged sexual harassment and retaliation of plaintiff Tyrone Williams ("Williams") while employed as a sous chef by NHC, a long-term care facility. R&R 2. Specifically, Williams contends that another employee sexually harassed him on multiple occasions, NHC knew about and failed to remedy the harassment, and as a result of his complaints of the harassment to supervisors, he was terminated. The R&R ably recites the detailed facts of the case, and because it is unnecessary to recapitulate the complaint, pleadings, depositions, and exhibits constituting the factual record, this order dispenses with a recitation thereof. Like the

1

R&R, the court construes the facts in the light most favorable to the non-moving party in considering the motion for summary judgment.

### B. Procedural Background

Williams brings two causes of action for sexual harassment/hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2000e-17. Compl. 5–7. On August 14, 2017, NHC filed the instant motion for summary judgment as to both causes of action. On September 26, 2017, Williams filed a response in opposition, ECF No. 24, and on October 17, 2017, NHC filed a reply thereto, ECF No. 28.

On December 14, 2017, the magistrate judge issued the R&R, recommending that the court deny NHC's motion for summary judgment, allowing Williams's claims to proceed to trial. The R&R specifically advised the parties of the procedure for filing objections thereto and the consequences if they failed to do so. R&R 25–26. On December 28, 2017, NHC timely filed objections to the R&R, ECF No. 31, and on January 11, 2018, Williams filed a reply thereto, ECF No. 32. The matter is now ripe for the court's review.

## II. STANDARDS OF REVIEW

### A. R&R

The magistrate judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270–71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the

magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Id. Finally, the failure to file specific, written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if the evidence presented could lead a reasonable fact finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. Id. The party moving for summary

judgment "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick Cty. Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718–19 (citing Anderson, 477 U.S. at 247–48). "A mere scintilla of evidence supporting the [non-moving party's] case is insufficient" to defeat a motion for summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994); see also Anderson, 477 U.S. at 256 (noting that a non-moving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial").

### III. DISCUSSION

NHC objects to the R&R's recommendation that the court deny summary judgment on both causes of action. The court examines the objections in turn.

#### A. Sexual Harassment/Hostile Work Environment

With respect to Williams's claim for sexual harassment/hostile work environment, NHC does not direct the court's attention to a specific error in the R&R, instead reiterating its summary judgment argument that "[Williams's] allegations are completely contrary to the overwhelming evidence in this case and no reasonable jury could rule that [Williams] was harassed or that such harassment is imputable to NHC." Objs. 2. In support of this contention, NHC argues that: (1) Williams's allegations that he complained about harassment are contrary to the testimony of three supervisors who were in a meeting where he reported the harassment; (2) one of the supervisor's contemporaneous documentation corroborates the supervisors' testimony; (3) Williams's

4

own statement to the Equal Employment Opportunity Commission corroborates the supervisors' testimony; and (4) Williams has not disputed the testimony of NHC's regional dietician who interviewed Williams during an investigation into workplace harassment and asked him if anyone at NHC made him feel harassed, uncomfortable, or threatened. Objs. 2–3. NHC styles Williams's testimony as uncorroborated and self-serving, claiming that when stacked against NHC's "overwhelming" evidence, "[n]o reasonable jury could accept [Williams's] allegations of harassment[.]" Objs. 4.

NHC raised these exact same arguments in its memorandum in support of its motion for summary judgment. ECF No. 21-1 at 24–29. The R&R carefully considered these arguments before concluding that it is improper to grant summary judgment because NHC's arguments pertain to credibility and the weight of evidence. Accordingly, NHC fails to make specific objections to the R&R. See Weber v. Aiken-Partain, No. 8:11-cv-02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments previously raised and addressed by the magistrate judge are insufficient to direct the court to a specific error in the magistrate judge's proposed findings and recommendations). Thus, the court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

The court agrees that it would be improper to grant summary judgment here. NHC is asking the court to weigh the evidence and make determinations of credibility. Construing the facts in the light most favorable to the non-moving party, the court agrees with the R&R's conclusion that Williams has presented evidence sufficient to overcome summary judgment on his sexual harassment/hostile work environment claim. Accordingly, the court denies NHC's motion for summary judgment on this cause of action.

**B.  Retaliation**

With respect to Williams's retaliation cause of action, NHC objects to the R&R's conclusion that there is sufficient evidence of pretext in this case to deny summary judgment on this claim. Objs. 4. NHC contends that the R&R's conclusion of pretext is based on several factors that the R&R incorrectly analyzed. Objs. 5. The court reviews the R&R's findings on pretext de novo.

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), provides a three-step, burden-shifting framework for Title VII plaintiffs who lack direct evidence of retaliatory discrimination. Foster v. Univ. of Md.-E Shore, 797 F.3d 243, 250 (4th Cir. 2015) (citing Diamond, 416 F.3d at 318). To prevail under the McDonnell Douglas framework, Williams must first establish a prima facie case by showing that: (1) he engaged in protect activity; (2) NHC took adverse action against him; and (3) a causal relationship existed between the protected activity and adverse employment activity. Id. (citation omitted). Once a prima facie case is established, the burden shifts to the employer "to show that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason." Id. (citation omitted). Once the employer makes this showing, "the

6

burden shifts back to the plaintiff to rebut the employer's evidence by demonstrating that the employer's purported [non-retaliatory] reasons were not its true reasons, but were a pretext for discrimination." Id. (citation omitted). This framework allows a plaintiff who lacks direct evidence of retaliatory animus to prove causation—"[i]f a plaintiff can show that she was fired under suspicious circumstances and that her employer lied about its reasoning for firing her, the factfinder may infer that the employer's undisclosed retaliatory animus was the actual cause of her termination." Id. (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000)).

Using this framework and assuming Williams's version of facts as true, the R&R concluded there is sufficient evidence that: (1) Williams has a prima facie case; (2) NHC had a legitimate, non-discriminatory reason for terminating Williams; and (3) NHC's reason was pretextual. R&R 17–24. Because neither party objects to the R&R's findings on the first two prongs, the court reviews only the third prong. NHC contends that the R&R "incorrectly concludes that there is sufficient evidence of pretext[,]" arguing that "it is clear that NHC would have terminated [Williams's] employment despite any complaint." Objs. 4.

In order to show pretext, Williams must prove that he would not have been terminated "but for" NHC's intent to retaliate against him because of his engagement in protected activity. See Foster, 787 F.3d at 252 ("[T]he McDonnell Douglas framework has long demanded proof at the pretext stage that retaliation was a but-for cause of a challenged adverse employment action."). As the R&R noted, Williams contends he has demonstrated pretext because: (1) one of his supervisors was angry at him for questioning why the supervisor failed take action on Williams's complaint; (2) the

7

supervisor terminated him only eighteen days after Williams's final complaint; (3) the factfinder may draw an inference from the evidence that the reason given by NHC was Williams's termination was false because although Williams was allegedly terminated for committing a misdemeanor, the supervisor testified that an arrest or conviction did not violate company policy and Williams testified that the supervisor told him not to worry about it; and (4) the difference in how NHC investigated an anonymous complaint about Williams compared to how it handled Williams's complaint. R&R 18–21.

In its objections, NHC challenges the R&R's analysis of this circumstantial evidence but does not provide legal support for how the analysis errs, instead proffering arguments about the weight, interpretation, and credibility of the evidence. Objs. 6–10. The court finds, as the R&R did, that the circumstantial evidence in this case is sufficient to create a genuine issue of material fact as to the third prong of the retaliation claim framework. See Smothers v. Solvay Chems., Inc., 740 F.3d 530, 542–43 (10th Cir. 2014) (holding failure to tell plaintiff about allegations against him or allow him to explain allegations was an inadequate investigation showing evidence of pretext); Jeffrey v. Montefiore Med. Ctr., No. 11 Civ. 6400(RA), 2013 WL 5434635 at *24 (S.D.N.Y. Sept. 27, 2013) (finding employer's antagonism in response to plaintiff's protected activity evidence of pretext); Chavez v. City of Arvada, 88 F.3d 861, 866 (10th Cir. 1996) (citation omitted) (holding that pretext may be inferred when an adverse action closely follows protected conduct); Lloyd v. Ga. Gulf Corp., 961 F.2d 1190, 1195 (5th Cir. 1990) (citations omitted) (holding that pretext may be inferred when employer's stated motive for adverse action involves employee's performance but there is no supporting documentation).

In summation, having reviewed the record in this case, the applicable case law, the R&R, and objections thereto, the court agrees with the R&R and finds that there is sufficient evidence to create genuine issues of material fact as to Williams's causes of action. Accordingly, the court denies NHC's motion for summary judgment.

## IV. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, ECF No. 30. The court **DENIES** NHC's motion for summary judgment, ECF No. 21.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 6, 2018**
**Charleston, South Carolina**